UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

UNITED STATES OF AMERICA                :

   -v.-                                  :          12 Cr. 322 (RJS)

JASON MORALES,                          :
  a/k/a "Menace,"
                                           :
           Defendant.
                                           :
------------------------------------------------------------x


## GOVERNMENT'S SENTENCING MEMORANDUM


                                         PREET BHARARA
                                         United States Attorney for the
                                         Southern District of New York
                                         One St. Andrew's Plaza
                                         New York, New York 10007


Christopher J. DiMase
Sarah R. Krissoff
Assistant United States Attorney
- Of Counsel -



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 12, 2014

**BY ECF**

The Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Jason Morales, a/k/a "Menace,"*
            12 Cr. 322 (RJS)

Dear Judge Sullivan:

      The Government respectfully submits this memorandum in advance of the sentencing of Jason Morales, scheduled for Friday, September 19, 2014, at 3:30 p.m.  The Government submits that a sentence of 120 months' imprisonment is appropriate in this case, and is sufficient but not more than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

      As set forth in the Presentence Report ("PSR"), Morales was a member of the drug trafficking organization (the "DTO") led by Adony Nina and Candido Antomattei which operated near the Hunts Point area of the Bronx.  Members of the DTO distributed crack cocaine and heroin in the vicinity of Longwood Avenue and Beck, Kelly, and Fox Streets in the Bronx, since at least in or about 2008 through early 2013.  Several members of the DTO, including Morales, also carried firearms during and in relation to their illegal drug trafficking activities, some of which were brandished and discharged.  PSR ¶¶ 22-23.  As described in detail during the trial of Nina and Antomattei before Your Honor in October 2014, the members of the DTO ruthlessly controlled the sale of drugs within their territory.  Morales was involved in the DTO with at least two of his siblings.

      Morales worked for the DTO for a number of years, beginning in or about 2008.  Morales served as "muscle", or an enforcer, for the organization.  In this role, Morales obtained and stored numerous firearms for the crew and frequently carried a gun himself.  Morales fired a gun on several occasions in furtherance of the DTO's activities.  Ultimately, in or about March 2010, Morales was arrested, in his apartment, in possession of four loaded guns, including a sawed-off shotgun.  PSR ¶ 40.

Morales was writted into federal custody in March 2013, and charged in two counts in the third superseding Indictment, S3 12 Cr. 322 (RJS) (the "S3 Indictment"). Count One of the S3 Indictment charged Morales with participating in a narcotics conspiracy, in violation of Title 21, United States Code, Section 846. Count Two of the S3 Indictment charged Morales with the use and possession of firearms in connection with the narcotics conspiracy charged in Count One, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2. Ultimately, Morales pleaded guilty to Count Three of the seventh superseding Indictment, S7 12 Cr. 322 (RJS), which charged Morales with the use and possession of firearms in connection with his participation in a narcotics conspiracy, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2. During his plea allocution, Morales acknowledged his involvement in the DTO, and stated that, in 2009, he served as a lookout while another member of the DTO fired a gun (that was used by the DTO) in order to further the goals of the DTO. Jan. 6, 2014 Plea Tr. at 36-38.

The defendant's plea was entered pursuant to a written agreement with the Government. In the agreement, the parties stipulated that the applicable Guidelines sentence is 120 months' imprisonment, the minimum required by statute (the "Stipulated Guidelines Sentence"). In the agreement, the defendant specifically acknowledged and agreed that his sentence for the instant offense would run consecutively to any other sentence, including the sentences the defendant received for his 2013 convictions for Criminal Possession of a Weapon in the 2nd Degree and Attempted Possession of a Forged Instrument in the 2nd Degree.

In his sentencing submission, the defendant asks the Court to impose a sentence of 120 months' imprisonment, the same sentence recommended by the Probation Department in the Presentence Report. In his submission, the defendant argues, *inter alia*, that the Court should consider the chaos and trauma he endured as a child as mitigating factors pursuant to 18 U.S.C. § 3553(a).

The Government submits that a sentence of 120 months' imprisonment would be sufficient but not more than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). The defendant's conduct – in particular, his use and possession of guns on behalf of the DTO – was very serious, and a sentence of 120 months' would both reflect this and provide just punishment. Morales, as an enforcer, was an essential part of the operations and success of the DTO. A sentence of 120 months' imprisonment would also take into account the defendant's history and characteristics – including both his traumatic childhood, as discussed in his sentencing submission, and his extensive criminal history. The defendant has a very significant criminal history with limited legitimate employment, highlighting the need for specific deterrence in this case.[1]

---

[1] In the plea agreement, the parties calculated that the defendant has 14 criminal history points, resulting in a Criminal History Category of VI. However, upon further review, the parties agree that the defendant's January 10, 2013 conviction for Criminal Possession of a Weapon in the 2nd Degree should not result in any criminal history points because the conduct underlying this conviction constitutes relevant conduct for the instant offense. Moreover, while the Probation Department has determined that the defendant's 2000 conviction for Assault in the 3rd Degree results in 1 criminal history point, the Government believes that, pursuant to U.S.S.G. § 4A1.2(d), this conviction does not result in any criminal history points. Accordingly, the

The defendant is currently serving a lengthy state sentence, and any sentence he receives in this case will be concurrent to that state time.[2] Moreover, the Government believes that, pursuant to Bureau of Prison calculations, the defendant will not receive any credit towards his federal sentence for the time he has served in federal custody since March 2013 pursuant to a writ, as this time will be credited towards the defendant's state sentence. Consequently, a sentence of 120 months' imprisonment here, served consecutively to the defendant's state sentence, will ensure the protection of the public for a significant period of time. In that vein, the Government also requests, in accordance with the Probation Office's recommendation, that the Court impose the maximum period of supervised release permitted under the statute, 5 years. The Government submits that an extensive period of supervised release will allow the Probation Office to continue to monitor the defendant and help the defendant transition back into society.

In summary, the Government submits that a sentence of 120 months' imprisonment, the Stipulated Guidelines Sentence, properly reflects the defendant's offense conduct and his relative culpability with respect to other defendants in this case, and is sufficient, but not greater than necessary, to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

By:    */s/ Sarah R. Krissoff*
      Sarah R. Krissoff / Christopher J. DiMase
      Assistant United States Attorneys
      Southern District of New York
      (212) 637-2232/2433

cc:    Jean D. Barrett, Esq. (by ECF)

---

Government currently believes that the defendant has 11 criminal history points, resulting in a Criminal History Category of V.

[2] Morales was sentenced to 10 years' imprisonment and 5 years' post release supervision for his January 10, 2013 conviction for Criminal Possession of a Weapon in the 2nd Degree (not 5 years' imprisonment and 10 years' post release supervision, as indicated in the PSR); Morales was also sentenced to 18 months to 3 years' imprisonment for his January 10, 2013 conviction for Attempted Possession of a Forged Instrument in the 2nd Degree.