

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 24, 2015

**BY ELECTRONIC MAIL AND ECF**

The Honorable Richard J. Sullivan
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007
SullivanNYSDChambers@nysd.uscourts.gov

> **Re:**   *United States v. Adony Nina*, S10 12 Cr. 322 (RJS)

Dear Judge Sullivan:

The Government writes to briefly respond to the defendant's April 24, 2015 letter demanding (i) all information concerning an identification of the defendant by a witness ("Witness-A"); and (ii) the production of any materials previously withheld pursuant to the Court's Order permitting the Government to delay disclosure of the identities of certain trial witnesses.

As set forth in the defendant's letter, on April 22, 2015, the Government disclosed to the defendant the facts underlying a witness's identification of the defendant.  More specifically, the Government disclosed that in or about 2014, the witness ("Witness-A") serially reviewed more than 100 images of both men and woman.  Witness-A identified a photograph of the defendant as being the man who was with Catherine Morales at the time of the murder of Aisha Morales.  The Government indicated that the photo book containing the 100 images had been viewed by defense counsel during the last trial, and was available for defense counsel to review again at his convenience.  At the defendant's request, the Government then (i) provided the relevant portions of Witness-A's 3500 material that discussed the identification procedure; (ii) disclosed that the law enforcement officers present for the identification procedure with Witness-A were different than those present for the identification procedures conducted with witnesses Desiree Morales and Stacey Gonzalez; and (iii) explained that no other reports or 3500 materials contained a more detailed description of the identification procedures.

The defendant then filed the instant letter.  Although the Government believes that its prior disclosures were adequate, the Government has now also produced additional 3500 material for Witness-A, containing a description of Witness-A's opportunity to observe Nina on the day of the murder.  Accordingly, no further disclosure concerning the identification procedure is warranted.

We further note, to the extent that the defendant's letter constitutes a demand for a *Wade* hearing, the defendant has not, and cannot, make the threshold showing entitling him to a *Wade* hearing with regard to Witness-A.  It is well established that evidence of "[a] prior identification will

be excluded only if the procedure that produced the identification is 'so unnecessarily suggestive and conducive to irreparable mistaken identification that [the defendant] was denied due process of law.'" *United States* v. *Salameh*, 152 F.3d 88, 125 (2d Cir. 1998) (quoting *United States* v. *Simmons*, 923 F.2d 934, 950 (2d Cir. 1991)).  A court must evaluate a challenge to a pretrial identification using a two-step inquiry.  "The first question is whether the pretrial identification procedures were unduly suggestive of the suspect's guilt." *United States* v. *Maldonado–Rivera*, 922 F.2d 934, 973 (2d Cir. 1990).  If they were not, the identification is "generally admissible without further inquiry into the reliability of the pretrial identification." *Id.*; *accord Raheem* v. *Kelly*, 257 F.3d 122, 133-34 (2d Cir. 2001).  If the proceudres were unduly suggestive, the court must "weigh the suggestiveness of the pretrial process against factors suggesting that an in-court identification may be independently reliable rather than the product of the earlier suggestive procedures." *Maldonado–Rivera*, 922 F.2d at 973.

In the present case, the identification procedure, namely, the serial display to the witness of more than 100 different photographs, was far from suggestive.  Indeed, Courts have repeatedly found that such procedures are not unduly suggestive. *See, e.g.*, *United States* v. *Baker*, 419 F.2d 83, 89-90 (2d Cir. 1969) (series of 15 photographs not impermissibly suggestive); *United States* v. *Roth*, 430 F.2d 1137, 1140 (2d Cir. 1970) (series of nine photographs not impermissibly suggestive); *United States* v. *Bennett*, 409 F.2d 888, 898 (2d Cir. 1969) (series of six photographs not impermissibly suggestive).

Because the identification procedure was not unduly suggestive, the Court does not need to proceed to the second step of the analysis.  The defendant's demand for information concerning the witness's "ability to see" the defendant and the witness's "time to observe," is thus misplaced,[1] because absent a showing that the identification procedure was unduly prejudicial, the independent reliability of the identification is irrelevant.

Significantly, a defendant "may not baldly request" a *Wade* hearing. *United States* v. *Berganza,* No. S(4) 03 Cr. 987(DAB), 2005 WL 372045, at *10 (S.D.N.Y. Feb. 16, 2005).  To be entitled to a hearing, a defendant must instead "allege facts supporting his contention that the identification procedures used were impermissibly suggestive.  A 'threshold showing' of suggestiveness is necessary in order to trigger a *Wade* hearing." *Id.*; *see also United States* v. *Swain*, No. S408 Cr. 1175 (JFK), 2011 WL 4348142, at *7 (S.D.N.Y. Aug. 16, 2011) (holding that a defendant is not entitled to a hearing where his "suggestion of impropriety in the presentation of a photo array is mere speculation"); *United States* v. *Adeniyi*, No. 03 Cr. 86 (LTS), 2003 WL 21146621, at *3 (S.D.N.Y. May 14, 2003) (denying a motion without a hearing where the defendant had failed to proffer "any information indicating that there were irregularities in the presentation of the arrays"); *United States* v. *Giovanelli*, 747 F. Supp. 875, 885 (S.D.N.Y. 1989) (denying a request for a hearing where the defendant did not allege "any concrete grounds" to suggest that identification procedures were improper).

---

[1] As described above, the Government has nonetheless produced early 3500 material for Witness-A in order to address this request.

Finally, the defendant's request for disclosure of the identities of those witnesses the Court has previously authorized the Government to withhold (until the earlier of the Friday before trial or one week prior to the witness's testimony) should also be denied.  As described in further detail in the Government's request for delayed disclosure, and as the Court has already recognized in granting that request, delayed disclosure is necessary to protect the witnesses from violence, threats of violence, and other intimidation.

Respectfully submitted,

PREET BHARARA
United States Attorney

By:      */s/*

Christopher J. DiMase
Margaret Graham
Rebecca Mermelstein
Assistant United States Attorneys
(212) 637-2433 / 2360

cc:     Lee Ginsberg, Esq. (by electronic mail)